# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1096V
Filed: June 26, 2017
Not for Publication

**************************************

| | |
|---|---|
| SUE FRAMPTON, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Influenza ("flu") vaccine; chronic |
| | *   inflammatory demyelinating |
| SECRETARY OF HEALTH | *   polyneuropathy ("CIDP"); no |
| AND HUMAN SERVICES, | *   expert report; dismissal |
| | * |
| Respondent. | * |
| | * |

**************************************

David C. Richards, Salt Lake City, UT, for petitioner.
Kathryn A. Robinette, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On September 1, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that a few days after she received influenza ("flu") vaccine on September 11, 2013, she had the onset of chronic inflammatory demyelinating polyneuropathy ("CIDP"). Pet. Preamble. Both her neurologist and her personal care physician, however, have diagnosed her with Charcot-Marie-Tooth ("CMT") disease.

The Federal Circuit in <u>Capizzano v. Secretary of Health and Human Services</u> emphasized that the special masters are to evaluate seriously the opinions of petitioner's treating doctors since "treating physicians are likely to be in the best position to determine whether a logical

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

sequence of cause and effect show[s] that the vaccination was the reason for the injury." 440 F.3d 1317, 1326 (Fed. Cir. 2006); see also Broekelschen v. Sec'y of HHS, 618 F.3d 1339, 1347 (Fed. Cir. 2010); Andreu v. Sec'y of HHS, 569 F.3d 1367, 1375 (Fed. Cir. 2009).

On September 9. 2016, the undersigned issued an Order to Show Cause why this case should not be dismissed.  During a telephonic status conference on September 29, 2016, the undersigned discussed the Order to Show Cause with counsel and ordered petitioner's counsel to file additional medical records and her Social Security Disability Insurance ("SSDI") documentation.

On November 18, 2016, petitioner filed more medical records and SSDI records.  During a telephonic status conference on February 15, 2017, petitioner's counsel stated he wanted to give a neurologic consultant all the medical records to see if he would support petitioner's allegations.

On March 6, 2017, respondent filed his Rule 4(c) Report, recommending against an award of compensation, particularly in light of petitioner's treating doctors never diagnosing her with CIDP and her treating neurologist, Dr. Chebeleu, diagnosing petitioner with Charcot-Marie-Tooth disease. Rep. at 13.  One factor weighing against petitioner having CIDP is her normal reflexes and one instance of hyperreflexia.  Id.

During a telephonic status conference on March 22, 2107, petitioner's counsel stated that petitioner's neurologic consultant was Dr. Marcel Kinsbourne.  Petitioner's counsel requested 60 days to file a report.  Petitioner never filed an expert report from Dr. Kinsbourne.

On May 22, 2017, the undersigned held another telephonic status conference with counsel.  Petitioner's counsel said that Dr. Kinsbourne would not support petitioner's allegations and believed petitioner has Charcot-Marie-Tooth syndrome.  Petitioner's counsel wanted 30 days to explain to petitioner her options.  The undersigned issued an Order on May 22, 2017 that petitioner shall file an appropriate pleading on June 21, 2017.

On June 21, 2017, petitioner did not file anything.  On June 23, 2017, petitioner's counsel contacted the undersigned's law clerk to explain that he had personal difficulties arise and needed more time to file an appropriate pleading.  The undersigned issued a non-PDF Order giving petitioner until June 30, 2017 to file an appropriate pleading dismissing this case.

In retrospect, this extension of time for petitioner to file a pleading to dismiss petitioner's case was unnecessary and the undersigned **STRIKES** this non-PDF Order and **DISMISSES** this petition for failure to prove a prima facie case of causation in fact.

## Medical Records

Petitioner's neurologist, Dr. Lia-Ana Chebeleu, saw petitioner on September 3, 2014, and found hyperreflexia in her knees, biceps, and triceps muscles as her deep tendon reflexes

measured 3+.  In CIDP, a chronic polyneuropathy, deep tendon reflexes are either low or absent, not hyperreflexic.  Med. recs. Ex. 4, at 5; see also Med. recs. Ex. 2, at 26.

On October 8, 2014, after petitioner had a nerve conduction test and EMG done, Dr. Chebeleu entertained the diagnosis of CMT.  Med. recs. Ex. 4, at 1.

On November 14, 2014, Dr. Wayne O. Brown, one of petitioner's personal care physicians, also diagnosed petitioner with CMT.  Med. recs. Ex. 2, at 30.

### **What is Charcot-Marie-Tooth Disease?**

Dorland's Illustrated Medical Dictionary 530 (32d ed. 2012), describes CMT as

> a group of hereditary conditions characterized by chronic motor and sensory polyneuropathy, of variable inheritance and including autosomal dominant, autosomal recessive, and X-linked forms.  It is divided into two major types on the basis of nerve conduction velocities (NCV), each with subtypes: CMT1 is a demyelinating polyneuropathy with symmetrically slowed NCV, onion bulb formation, and segmental demyelination; CMT2 is an axonal neuropathy, with normal NCV but of decreased amplitude, axonal loss visible on biopsy, and no onion bulb formation or segmental demyelination.  Both are characterized by progressive symmetric distal muscle weakness and atrophy starting in the feet and legs, gait disturbance, and absent stretch reflexes.  A variety of causative mutations have been identified at different loci, all concerned with myelin in Schwann cells, with the majority of cases of autosomal dominant CMT1 caused by duplication of chromosomal region 17p12, containing a gene encoding a peripheral myelin protein (*PMP22*).

Flu vaccine does not cause a genetic disease.  Moreover, there is no evidence from petitioner's treating physicians or from her neurologic consultant Dr. Kinsbourne that petitioner has CIDP.

### **DISCUSSION**

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was

3

the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for her flu vaccination, she would not have CMT disease, but also that her flu vaccination was a substantial factor in causing CMT disease. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999). She can hardly prove that flu vaccine caused her CIDP when she does not have CIDP.

The Vaccine Act, § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion. No medical records show that petitioner had an adverse reaction to flu vaccine. Petitioner has not filed a medical expert report in support of her allegations.

This petition is **DISMISSED**.

## CONCLUSION

The petition is **DISMISSED** for failure to make a prima facie case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated:  June 26, 2017                                    /s/ Laura D. Millman
                                                                            Laura D. Millman
                                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.