# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1096V
Filed: February 9, 2018
Not for Publication

*************************************
SUE FRAMPTON,                        *
                                     *
           Petitioner,               *    Attorneys' fees and costs decision;
                                     *    lack of reasonable basis
v.                                   *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
           Respondent.               *
                                     *
*************************************

David C. Richards, Salt Lake City, UT, for petitioner.
Daniel A. Principato, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

On September 1, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that a few days after she received influenza ("flu") vaccine on September 11, 2013, she had the onset of chronic inflammatory demyelinating polyneuropathy ("CIDP"). Pet. Preamble.

On June 26, 2017, the undersigned issued a decision dismissing the case. On January 23, 2018, petitioner filed a motion for attorneys' fees and costs. For the reasons set forth below, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

## PROCEDURAL HISTORY

On September 1, 2016, petitioner filed her petition, alleging her receipt of flu vaccine on September 11, 2013 caused her CIDP.  Her neurologist and personal care physician, however, diagnosed her with Charcot-Marie-Tooth ("CMT") disease, a genetic illness.

On September 2, 2016, the case was assigned to the undersigned.

After reviewing medical records filed on September 1, 2016, the undersigned issued an Order to Show Cause why this case should not be dismissed on September 9, 2016.  In her Order to Show Cause, the undersigned pointed out that petitioner's neurologist, Dr. Lia-Ana Chebeleu, found hyperreflexia in petitioner's knees, biceps, and triceps muscles as her deep tendon reflexes measured 3+, which refutes petitioner's allegation that she has CIDP.  Order, at 1.  Petitioner's neurologist and personal care physician diagnosed her with CMT disease.  Id. at 2.  Flu vaccine does not cause a genetic disease.

During the initial telephonic status conference on September 29, 2016, the undersigned discussed the Order to Show Cause with the parties and ordered petitioner's counsel to file additional medical records and her Social Security Disability Insurance ("SSDI") documentation.

On November 18, 2016, petitioner filed more medical records and SSDI records.  During a telephonic status conference on February 15, 2017, petitioner's counsel stated he wanted to give a neurologic consultant all the medical records to see if he would support petitioner's allegations.

On March 6, 2017, respondent filed his Rule 4(c) Report, recommending against an award of compensation, particularly in light of petitioner's treating doctors never diagnosing her with CIDP and her treating neurologist, Dr. Chebeleu, diagnosing petitioner with CMT disease.

During a telephonic status conference on March 22, 2017, petitioner's counsel stated that petitioner's neurologic consultant was Dr. Marcel Kinsbourne.  Petitioner's counsel requested 60 days to file an expert report.  Petitioner never filed an expert report from Dr. Kinsbourne.

On May 22, 2017, the undersigned held another telephonic status conference with counsel.  Petitioner's counsel said that Dr. Kinsbourne would not support petitioner's allegations and believed petitioner has CMT syndrome.  Petitioner's counsel wanted 30 days to explain to petitioner her options.  The undersigned issued an Order on May 22, 2017 that petitioner shall file an appropriate pleading on June 21, 2017.

On June 21, 2017, petitioner did not file anything.  On June 23, 2017, petitioner's counsel contacted the undersigned's law clerk to explain that personal difficulties had arisen and he needed more time to file an appropriate pleading.  The undersigned issued a non-PDF Order giving petitioner until June 30, 2017 to file an appropriate pleading dismissing this case.

In retrospect, this extension of time for petitioner to file a pleading to dismiss petitioner's case was unnecessary and the undersigned withdrew the non-PDF Order and dismissed this case for failure to prove a prima facie case of causation in fact.

On January 23, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner requests $11,663.70 in attorneys' fees and $3,706.34 in attorneys' costs, for a total request of $15,370.04. In accordance with General Order #9, petitioner said she did not advance any funds in the prosecution of her claim.

On February 6, 2018, respondent filed a response to petitioner's motion for attorneys' fees and costs. Respondent defers to the undersigned's discretion to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case, including whether there was a reasonable basis. Resp. at 2.

This matter is now ripe for adjudication.

## DISCUSSION

I. **Entitlement to Fees Under the Vaccine Act**

   a. **Legal Standard**

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims may award fees and costs to an unsuccessful petitioner if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioners are "entitled to a presumption of good faith." Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules. It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011). Traditionally, special masters have been "quite generous" in finding reasonable basis. Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation— militates in favor of a lenient approach to reasonable basis."). However, "Fee denials are expected to occur. A different construction of the statute would swallow the special master's discretion." Chuisano v. United States, 116 Fed. Cl. 276, 286 (Fed. Cl. 2014). See also Dews

3

v. Sec'y of HHS, No. 13-569V, 2015 WL 1779148, at *2 (Fed. Cl. Spec. Mstr. Mar. 30, 2015) (in which the undersigned found HPV vaccine did not cause vaccinee's DSRC cancer, a genetically-caused disease, and petitioner was not entitled to attorneys' fees and costs because she did not have a reasonable basis to bring the petition).

In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed. Turner, 2007 WL 4410030, at *6–*9. However, the Federal Circuit has recently clarified in Simmons that "a looming statute of limitations deadline . . . has no bearing on whether there is reasonable factual basis 'for the claim' raised in the petition. That is an objective inquiry unrelated to counsel conduct." Simmons v. Sec'y of HHS, 875 F. 3d 632, 636 (Fed. Cir. 2017).

### b. Good faith and reasonable basis

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith. Grice, 36 Fed. Cl. at 121. There is no evidence that this petition was brought in bad faith. Therefore, the undersigned finds that the good faith requirement is satisfied. However, for the reasons outlined below, the undersigned finds petitioner did not have a reasonable basis to bring her claim.

Counsel has a duty to investigate a claim before filing it. In Rehn v. Secretary of Health and Human Services, Judge Lettow explained: "if an attorney does not actively investigate a case before filing, the claim may not have a reasonable basis and so may not be worthy of attorneys' fees and costs." 126 Fed. Cl. 86, 93 (Fed. Cl. 2016). The billing records reflect that petitioner initially made contact with counsel on March, 25, 2016, or over five months before she filed her petition on September 1, 2016. In her fees motion, petitioner stated that her counsel "was not aware that one of petitioner's records . . . which noted hyperreflexia of the knees, biceps, and triceps was contraindicated of a claim of CIDP . . . as the undersigned explained in the February 15, 2017 status conference. Nor had petitioner's counsel received five of the records filed after the petition . . . regarding the contraindicative findings of a reported EMG study." This statement is incorrect. The undersigned pointed out that petitioner's medical records refute her allegation that she has CIDP in the Order to Show Cause of September 9, 2016 and raised this issue during the first telephonic status conference on September 29, 2016. The undersigned recognized this issue from reviewing petitioner's medical records filed with her petition as Exhibits 2-5. Petitioner's counsel did not need to review additional medical records (Exhibits 7-8) to be aware that petitioner did not even have the injury she alleged.

According to petitioner's counsel's invoice, the majority of the medical records (Exhibits 2-5) filed in this case were obtained and reviewed by counsel and a paralegal prior to the filing of the petition. Counsel and his paralegal billed a combined 11.8 hours for reviewing medical records before filing the petition. Document 21, at 8, 9 (entries dated 1/15/2016; 5/13/2016; 5/23/2016; 5/24/2016; 6/10/2016; 6/14/2016; 7/14/2016; 7/27/2016; and 7/28/2016). What

counsel should have realized through his review, however, was that petitioner's medical records do not support a vaccine-related injury as alleged and petitioner did not have a reasonable basis to bring her claim.

Simmons holds that a looming statute of limitations deadline has no bearing on whether there is an objective reasonable basis for the claim set forth in the petition.  Simmons, 875 F. 3d 632, 636.  There will always be a looming statute of limitations if counsel waits long enough. The reasonable basis analysis must focus on whether there is evidentiary support for the claim set forth in the petition.  Id.  Petitioner had no reasonable expectation that she would prove that flu vaccine caused her alleged CIDP when both petitioner's neurologist and her personal care physician diagnosed her with CMT, a genetic disease.

## CONCLUSION

The undersigned finds petitioner did not have a reasonable basis to file a petition. Therefore, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 9, 2018                                           s/ Laura D. Millman
                                                                                    Laura D. Millman
                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.